■ THOMAS M. WESSEL, Respondent, v FRED SICHEL et al., Appellants. [655 NYS2d 955] —Order of the Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 25, 1996, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Plaintiff tenant commenced this action against defendant landlord and the landlord's agents in August 1991, alleging that defendants, while conducting repairs of his kitchen and bathroom between February and August 1991, had rendered his apartment uninhabitable for an improperly lengthy period, had allowed several items and cash to be stolen, and had constructively evicted him from the premises. Alleging that these acts were in retaliation for a rent reduction ordered by the State Division of Housing and Community Renewal (DHCR) in a proceeding 18 months earlier, plaintiff sought compensa-

tory and punitive damages. Defendants answered and counter-claimed on various grounds. Subsequently, defendants moved for summary judgment, asserting in affidavits, *inter alia*, that plaintiff had initially requested the repairs upon bathroom tiles in his apartment; such work led to the discovery of extensive pipe rust throughout the apartment, requiring further repairs; plaintiff thereafter demanded new kitchen and bathroom fixtures; plaintiff maintained control over the apartment throughout the repair period; plaintiff changed the locks on the apartment on June 24, 1991 and denied access to the workers until July 20, 1991, permitting work thereafter only in his presence on weekends; and plaintiff had failed to pay rent for the apartment for the period March 1 through August 20, 1991. In his opposition to the motion, which the motion court accurately described as "not terribly responsive", plaintiff admitted that he never gave up possession of the unit, conceded the broad scope of the necessary repairs, and failed to specify any issue of fact for trial. The trial court nonetheless denied the motion for summary judgment, finding that plaintiff's examination before trial raised questions as to whether defendants' acts upon the apartment constituted a deliberate effort to evict him because of an earlier successful complaint to DHCR.

We reverse. Plaintiff's conclusory statements in his affidavit and deposition fail to address with any particularity or persuasiveness his claim that the repair work upon the apartment was purposefully delayed by defendants. As plaintiff has failed to present any material evidence on this or any other issue raised in the complaint, defendants' motion for summary judgment should be granted (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231). Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.